**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 11, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 06-40171
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

ROSALINDA GUERRA,

Defendant-

Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1536
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

   Rosalinda Guerra was convicted by a jury of conspiracy to possess with the intent to distribute

more than five kilograms of cocaine, possession with the intent to distribute more than five kilograms

----

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of cocaine, and importation into this country of more than five kilograms of cocaine. The district court sentenced Guerra to three concurrent 151-month terms of imprisonment, three concurrent five-year terms of supervised release, and a $300 special assessment.

Guerra argues that the district court abused its discretion when it admitted evidence of her prior uncharged conduct. The extrinsic evidence was relevant to Guerra's intent and to her knowledge that there was cocaine hidden in her car. *See United States v. Gonzalez*, 328 F.3d 755, 760 (5th Cir. 2003). Guerra's prior uncharged conduct was strikingly similar to her offense conduct and occurred only four months before her arrest. *See United States v. Booker*, 334 F.3d 406, 411-12 (5th Cir. 2003). Accordingly, the district court's decision to admit the evidence was not an abuse of discretion. *See United States v. Beechum*, 582 F.2d 898, 911 (1978) (en banc).

Guerra also argues that the evidence was insufficient to support a finding that she knew that she was transporting cocaine. The jury heard circumstantial evidence that was suspicious in nature, including that Guerra gave border patrol officers a false name; stated that her car had been purchased at an auction, when it had not; gave conflicting stories about how she acquired her car; paid more attention to a canine inspection of her vehicle than to questions posed by an officer; and could not provide an address for or directions to a house she had allegedly just visited. Considering the reasonable inferences drawn from the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence established the elements of the offense beyond a reasonable doubt. *See United States v. Mireles*, 471 F.3d 551, 556 (5th Cir. 2006).

AFFIRMED.